Marshall, C. J.
This cause involves a construction of several statutes. So far as the city of Youngstown is concerned, its liability must be by virtue of the provisions of Section 3714, General Code, as follows: “Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
The foregoing language is very clear and specific and leaves no doubt of the liability of the city for injuries occurring to persons lawfully passing along and over the streets, sidewalks, bridges, aqueducts and viaducts within the corporation, due to the failure to keep all such ways in repair and free from' nuisance, unless relieved from such duty and liability by some other statutory provisions. It is claimed by counsel for the city that inasmuch as the city of Youngstown has not received any portion of the bridge fund of Mahoning county, it owes no duty or liability to expend any money upon this bridge or the approach thereto, which was built by the county. As one of the grounds of this contention we are referred to the provisions of Section 7563, General Code, as follows:
*483 “The board of county commissioners shall erect or cause to be erected and maintained where not already done, one or more guard rails on each end of a county bridge, viaduct or culvert more than five feet high. They shall also erect or cause to be erected, where not already done one or more guard rails on each side of every approach to a county bridge, viaduct or culvert if the approach or embankment is more than six feet high. They shall also protect, by suitable guard rails, all perpendicular wash banks more than eight feet in height, where such banks have an immediate connection with a public highway, or are adjacent thereto, in an unprotected condition, but in such cities and villages as by law receive part of the bridge fund levied therein, such guard rails shall be erected by the municipality.”
It is found, however, that at the point where the injury occurred, the approach or embankment was less than six feet in height, and by the provisions of Section 7563 the commissioners owed no statutory duty to construct guard rails on any approach except where the height is more than six feet. We are also pointed to Section 2421, General Code, which provides that the commissioners shall construct and keep in repair necessary bridges over streams and public canals on state and county roads, except bridges wholly in cities receiving a part of the bridge fund. We are also referred to Section 7557, General Code, which provides that county commissioners shall cause to be constructed and kept in repair all necessary bridges on state and county roads, which are of general and public utility, running into *484 or through villages or cities, without regard to a distribution of the bridge fund.
Neither of these two sections can have any controlling force, because they only provide for the construction and repair of bridges without any mention being made of approaches or embankments, and for the further reason that there is no longer any provision whereby cities or villages may demand or receive any portion of the bridge fund created by county levy.
In this case, it does not appear that the commissioners have been derelict in duty. Even if it should appear that there was a dereliction of duty on the part of the county commissioners, it would not follow that the city of Youngstown would be excused from its dereliction under the provisions of Section 3714, General Code. Even if there should be joint or concurrent liability, the plaintiff had the right to excuse either of the joint tort-feasors, at her election, and pursue the other party to final judgment.
We have reached the conclusion that under the provisions of Section 7563, General Code, the duty of the county ended at the point where the approach was less than six feet in height, and that the city alone was responsible for any nuisance existing on any part of said approach or embankment less than six feet in height.
The judgment of the lower court will therefore be affirmed.

Judgment affirmed.

Johnson, Hougi-i, Wanamaker, Robinson, Jones and Matthias, JJ., concur.